**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JILL CAMPBELL,

          Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE,

          Defendant - Appellee.

No. 11-55486

D.C. No. 5:09-cv-00278-JST-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted December 5, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Jill Campbell appeals the district court's decision affirming the denial of

Social Security disability benefits by the Administrative Law Judge ("ALJ") on the

basis that Campbell's multiple sclerosis ("MS") did not render her disabled by

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

June 30, 1996, the last date she was insured. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for an award of benefits. We review *de novo* the district court's decision. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). We may set aside the ALJ's decision if it is contrary to law or unsupported by substantial evidence. *Id.*

Campbell's diagnosis is not in dispute, and the ALJ did not find her to be untruthful or a malingerer. As such, and because Campbell presented evidence that her underlying impairment could have reasonably caused her fatigue symptoms, the ALJ should have credited Campbell's testimony of her symptoms' severity, unless he found clear and convincing reasons not to do so. *See Smolen*, 80 F.3d at 1281. There are no such reasons to discredit Campbell's testimony here. Therefore, the ALJ improperly rejected Campbell's testimony regarding the frequency and duration of her exacerbations. When her testimony is credited appropriately, there is credible evidence that her MS rendered her disabled as of June 30, 1996.

Campbell testified that, each year, she endured eight to ten periods in which her fatigue and weakness symptoms worsened. When the ALJ included just six to eight such periods in a hypothetical, the vocational expert testified that someone with Campbell's symptoms would be unable to find or maintain employment in the

2

national economy. Moreover, medical evidence from Campbell's treating physician and an examining physician, as well as declarations about her daily activities from people who knew her during the relevant time period, establish that Campbell had no residual functional capacity as of June 30, 1996. Thus, it is clear that Campbell was disabled within the meaning of the Social Security Code as of that date.

Accordingly, we **REVERSE** the district court's judgment and **REMAND** with instructions for the district court to remand this case to the ALJ for an award of benefits.